**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4908

MARGARITO GARCIA-MENDOZA,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-97-52-R)

Submitted: May 12, 1998

Decided: May 29, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE,
Roanoke, Virginia, for Appellant. Robert D. Crouch, Jr., United
States Attorney, Karen B. Peters, Assistant United States Attorney,
Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Margarito Garcia-Mendoza appeals his jury conviction of one count of transporting illegal aliens in violation of 8 U.S.C.A. § 1324(a)(1)(A)(ii) (West Supp. 1998) challenging only the district court's refusal to give a requested jury instruction. We affirm.

At trial, defense counsel requested an instruction that the Government had to prove a direct and substantial relationship existed between the defendant's transportation of the aliens and its furtherance of the aliens' presence in the United States. The court declined the instruction and instead informed the jury that Garcia-Mendoza was charged with violating § 1324(a)(1)(A)(ii) and read the relevant portions of the statute.

In turning to the elements of the offense, the court first told the jury that the Government must show that Garcia-Mendoza, either as a principal or as aider and abettor, transported or moved or attempted to transport or move an alien within the United States. Next, the court stated the Government must prove that the alien had come to or entered or was remaining in the United States in violation of law. Finally, the court stated the Government was required to show that Garcia-Mendoza either knew the alien entered or was remaining in the United States in violation of law or that he recklessly disregarded this fact. And in transporting the alien, the jury was told the Government had to show that Garcia-Mendoza acted willfully, knowingly, and intentionally in order to help the alien remain in the United States illegally.

The court further explained that an act is done "knowingly" if it is done purposely and deliberately and not because of accident, mistake, negligence or other innocent reason. Finally, the court gave an aiding and abetting instruction which in part defined "willfully" as an act

2

committed voluntarily with specific intent to do something the law forbids or specific intent to fail to do something that the law requires to be done.

Appellant maintains that these instructions were inadequate and the court erred in rejecting his proposed "direct and substantial relationship" instruction. We find this contention meritless, however, because we have held that such an instruction may be rejected if the district court otherwise gives an accurate and correct instruction on that element of the offense. See United States v. Rivera , 859 F.2d 1204, 1209 (4th Cir. 1988). Although the court did not use the exact language requested in the charge, he "clearly and completely covered this element in his instructions and this exception is but a matter of semantics and not substance." Id.

We accordingly affirm Garcia-Mendoza's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3